**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>SST CORPORATION,<br><br>Defendant. | Adv. Proc. No. 25-50352 (KBO)<br><br><u>Objection Deadline</u>: **5/23/2025 at 4:00 PM (E.T.)**<br><br><u>Hearing Date</u>: **6/20/2025 at 10:00 AM (E.T.)** |

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO**
**SECTION 105(A) OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULE 9019 APPROVING THE SETTLEMENT**
**BETWEEN THE TRUSTEE AND SST CORPORATION**

George L. Miller, the chapter 7 trustee (the "<u>Trustee</u>") in the above-captioned chapter 7

cases (the "<u>Chapter 7 Cases</u>") for the bankruptcy estates of Akorn Holding Company LLC, Akorn

Intermediate Company LLC and Akorn Operating Company LLC (collectively, the "<u>Debtors</u>"),

hereby moves (the "<u>Motion</u>") the Court pursuant to section 105 of title 11 of the United States Code,

§§ 101-1532, as amended (the "<u>Bankruptcy Code</u>") and Rule 9019 of the Federal Rules of

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184).  The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"), (i) approving the settlement with SST Corporation ("<u>SST</u>") and authorizing the Trustee to enter a Settlement Agreement (the "<u>Settlement Agreement</u>") by and between the Trustee and SST (the "<u>Defendant</u>", and together with the Trustee, the "<u>Parties</u>"), attached hereto as **Exhibit B**, and (ii) granting such other relief as may be just and proper.  In support of this Motion, the Trustee respectfully states as follows:

**<u>JURISDICTION</u>**

1.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein is section 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9019.

## BACKGROUND

**A.**     **General Background**

1.     On February 23, 2023 (the "Petition Date"), each of the Debtors, Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 filed voluntary petitions in the Bankruptcy Court for relief under Chapter 7 of Title 11 of the Bankruptcy Code, commencing the Chapter 7 Cases. The Chapter 7 Cases are being jointly administered.

2.     On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the trustee to the bankruptcy estates of each of the Debtors.

3.     Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.

4.     The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays.

5.     The Debtors operated at numerous locations in the United States and were headquartered in Gurnee, Illinois. The Debtors' operations in the United States have all ceased.

6.     Since the date of his appointment, the Trustee and his professionals have reviewed the transfers made by the Debtors on or within the designated range for asserting direct and indirect fraudulent transfer actions, insider preference actions, and non-insider preference actions (the "Avoidance Period") and have identified potential claims to avoid and recover the certain transfers pursuant to sections 547, 548, and/or 550 of the Bankruptcy Code (the "Avoidance Claims").

7.      Based upon that investigation, the Trustee filed an adversary proceeding on February 19, 2025, styled *George L. Miller v. SST Corporation*, in the Bankruptcy Court, commencing the adversary case number 25-50352 (KBO) (the "<u>Adversary Proceeding</u>").

8.      While the Trustee has continued to pursue and negotiate settlements with respect to the Avoidance Claims, he has settled the Adversary Proceeding. Since the amount demanded by the Trustee was over $500,000.00, the settlement must be approved by a separate motion under Rule 9019 of the Bankruptcy Code, pursuant to that certain Order Approving Procedures Regarding Settlements of Avoidance Claims Pursuant to Bankruptcy Rule 9019(b) [D.I. 1040].

9.      The terms of the settlement between the Trustee and SST are embodied in the Settlement Agreement attached hereto as **<u>Exhibit B</u>**.  Under the Settlement Agreement, which was the result of extensive, active, good-faith discussions and arms' length negotiations among the Parties, SST will pay the estate $30,000 in exchange for a dismissal of the Adversary Proceeding with prejudice.

## **<u>RELIEF REQUESTED</u>**

10.     Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Trustee seeks entry of an order substantially in the form attached hereto as **<u>Exhibit A</u>**: (i) approving the Settlement Agreement, and (ii) granting such other relief as may be just and proper.

## **<u>BASIS FOR RELIEF</u>**

11.     Section 105(a) of the Bankruptcy Code allows a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Bankruptcy Rule 9019 provides:

> On motion of the trustee, after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees

as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

12.     When reviewing settlements under Bankruptcy Rule 9019, the court generally defers to the Trustee's business judgment.  "[U]nder normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification [for the settlement]." *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996).

13.     The Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." *Id.* at 393 (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); *see also In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy").  Courts in this District also have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See, e.g.*, *In re Coram Healthcare Corp.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004).

14.     Pursuant to Bankruptcy Rule 9019(a), the Court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and equitable.  *See In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005) (noting that "the bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable.").  The court need not be convinced that the settlement is the best possible compromise in order to approve it.  *Coram Healthcare Corp.*, 315 B.R. at 330.  Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." *Travelers Cas. & Sur. Co. v. Future Claimants Representative*, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing *Matter of Jasmine, Ltd.*, 285 B.R. 119 (D.N.J. 2000)).

15.     In determining whether a settlement is fair and equitable, the Third Circuit has adopted a balancing test, under which a bankruptcy court should decide whether to approve a particular compromise or settlement.  The factors of the balancing test are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393.

16.     The Trustee respectfully submits that the Settlement Agreement satisfies the requirements of Bankruptcy Rule 9019.  The Settlement Agreement allows the Trustee to resolve costly litigation and potential liability while preserving its limited resources for, among other things, the payment of creditors, professionals and administrative expenses.  Although the Trustee relinquishes its right to pursue a lawsuit against the Defendant as part of the Settlement Agreement, there is no certainty of a positive result when engaging in the litigation process, including with respect to any defenses the potential defendant may raise.  The only certainty is the accrual of more legal fees and further diminishing the limited resources of the Trustee.  Therefore, taking into consideration the time, cost, expense and complexity of litigation, the Trustee has determined that the Settlement Agreement is fair, reasonable and appropriate as the settlement will help avoid costs and delay, and bring finality and certainty to the Adversary Proceeding.

17.     More specifically, the settlement here pertains to the potential liability of the Defendant as recipient of avoided transfers under, *inter alia*, 11 U.S.C. §§ 544-550.  The Trustee believes payment of the settlement amount represents a good faith resolution of the claims.  In sum, the Trustee submits that entry into the Settlement Agreement is a sound exercise of the Trustee's business judgment and that the Settlement Agreement is therefore in the best interest of the Debtor's estate and its creditors.

**WHEREFORE**, for the reasons set forth above, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Settlement Agreement, and (ii) granting such other relief as may be just and proper.

Dated: May 9, 2025
Wilmington, Delaware

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

and

Michelle G. Novick (admitted *pro hac vice*)
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7899
michelle.novick@saul.com

and

Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-8415
turner.falk@saul.com

*Counsel to Plaintiff*